## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL J. WARD, IV and MARGARET A. WARD, husband and wife | : : : | CASE NO: Civil Action |
| Plaintiffs | : : | |
| v. | : : | |
| BOROUGH OF BEACH HAVEN; MAYOR AND BOROUGH COUNCIL OF THE BOROUGH OF BEACH HAVEN; and BEACH HAVEN CODE ENFORCEMENT OFFICER PATRICK O'DONNELL, in his official capacity | : : : : : : : | |
| Defendants | : : | |

## VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTORY STATEMENT

1. Plaintiffs Michael J. Ward and Margaret A. Ward (collectively hereinafter "Plaintiffs") bring this action for declaratory and injunctive relief pursuant to Article 1, Section 9 of the United States Constitution and the Fifth Amendment of the United States Constitution, as encompassed and applied to the State of New Jersey through the 14th Amendment to the United States Constitution. Plaintiffs also bring this action pursuant to 42 U.S.C. § 1983, as the Defendants' conduct, as set forth hereinafter, constitutes wrongful actions undertaken under color of state law.

### JURISDICTION

2. The United States District Court for the District of New Jersey has jurisdiction over

the federal and United States Constitution claims set forth in this Complaint, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and has jurisdiction over the New Jersey State Law claims, under the principals of pendant and ancillary jurisdiction.

**VENUE**

3. Venue in the United States District Court for the District of New Jersey is proper under 28 U.S.C. § 1391 (b), because the facts and circumstances which gave rise to Plaintiffs' causes of action, upon which Plaintiffs' Complaint is based, arose in Ocean County, New Jersey within this vicinage.

**THE PARTIES**

4. Plaintiff Michael J. Ward, IV is an adult citizen of the State of New Jersey and maintains places of residence at 2345 Auburn Avenue, Waterford Township (Atco P.O.) Camden County, New Jersey, 08004, and at 408 Centre Street, Beach Haven Borough, Ocean County, New Jersey, 08088.

5. Plaintiff Michael J. Ward, IV is the husband of Co-plaintiff Margaret A. Ward.

6. Plaintiff Margaret A. Ward is an adult citizen of the State of New Jersey and maintains places of residence at 2345 Auburn Avenue, Waterford Township (Atco P.O.) Camden County, New Jersey, 08004, and at 408 Centre Street, Beach Haven Borough, Ocean County, New Jersey, 08088.

7. Plaintiff Margaret Ward is the wife of Co-plaintiff Michael J. Ward.

8. Defendant Borough of Beach Haven (hereinafter "Defendant Borough") is a municipal corporation and body politic, organized and existing under the laws of the State of New Jersey, which maintains a principal place of business, and postal address, at 300 Engleside Avenue,

Beach Haven, Ocean County, New Jersey, 08008.

9. Defendant Mayor and Borough Council of the Borough of Beach Haven (hereinafter "Defendant Governing Body") are the duly elected governing body of the Borough of Beach Haven and charged with responsibility for the supervision and direction of the municipal executive and legislative government functions within the Borough of Beach Haven.

10. Defendant Patrick O'Donnell (hereinafter "Defendant O'Donnell") is upon information and belief, the duly appointed Code Enforcement Official of the Borough of Beach Haven, who is charged by the Defendant Governing Body with the enforcement of Municipal Codes and Ordinances within the Borough of Beach Haven.

### FIRST COUNT

**Invalidation Of Ex Post Facto Ordinance Violative of The United States Constitution, the New Jersey Constitution and 42 U.S.C. § 1983**

#### a. Relevant Facts

11. On June 11, 1999, Plaintiffs purchased a residential property (hereinafter "Beach Haven Residence") located at 408 Centre Street, Beach Haven, New Jersey. The property is designated as Block 145, Lot 3 on the Beach Haven Borough Municipal Tax Map.

12. Plaintiffs' Beach Haven Residence is located in a largely residential neighborhood and has never been used for commercial purposes.

13. Plaintiffs' Beach Haven Residence has forty feet (40') of frontage that is situated directly <u>behind</u> a grassy municipal-owned parcel of land that is approximately twelve feet (12') wide and is part of the 98-foot-wide Centre Street municipal street corridor. [A true and correct copy of a survey of Plaintiffs' Beach Haven property is attached hereto and made a part hereof as

3

Exhibit "A"].

14. Beyond the grassy, municipal-owned parcel of land is a concrete, municipal-owned sidewalk (hereinafter "Municipal Sidewalk") within the Centre Street corridor that is approximately four feet wide. [Exhibit "A"].

15. Plaintiffs' neighbors have estimated that the Municipal Sidewalk is at least sixty (60) years old.

16. The Municipal Sidewalk is used primarily by summertime tourists and vacationing pedestrians to make their way from a central commercial district located around Bay Avenue southeast of Plaintiffs' residential neighborhood to a Barnegat Bayside commercial entertainment zone located west of Plaintiffs' residential neighborhood.

17. According to a Beach Haven Municipal Clerk, Centre Street was originally an Ocean County Road and was acquired by the Borough of Beach Haven sometime in the 1980's.

18. As confirmed in Exhibit "A,", Plaintiffs' residential property does not touch, and neither abuts nor is adjacent to the Municipal Sidewalk.

19. In or around 2001, Plaintiffs observed that a section of the Municipal Sidewalk appeared to be lifting upwards above the remainder of the walkway, as a result of root penetration from a red cedar tree that was growing in the grassy municipal parcel, immediately adjacent to the sidewalk.

20. Because Plaintiff Margaret Ward had expressed an interest in teaching Plaintiffs' oldest daughter (who was then about six (6) years old) how to roller skate on the Borough's sidewalk, and because the Municipal Sidewalk in front of the grassy municipal parcel was "bumpy" and in rather poor condition, Plaintiff Michael Ward attended a Beach Haven Borough

Council meeting. After the meeting, he spoke with the Borough Clerk regarding Plaintiffs' concerns about the age and overall condition of the Municipal Sidewalk.

21. The Borough Clerk informed Michael Ward that the Borough had developed plans to perform various needed improvements to the curbing, driveway aprons, and sidewalks along Centre Street "on an as needed basis."

22. In fact, some years later, Defendant Borough <u>did</u> replace the curbing and many of the driveway aprons along Centre Street (including the curb and driveway in front of 408 Centre Street), but the Borough never addressed the poor condition of the Municipal Sidewalk.

23. After the occurrence of "Super Storm Sandy" in October 2012, Federal Emergency Management Agency ["FEMA"] debris removal contractors drove heavy equipment over portions of the Municipal Sidewalk, and Plaintiffs noticed that, as a result, the physical condition of the sidewalk in two locations appeared to be cracked and had further deteriorated.

24. Plaintiff Michael Ward mentioned the deteriorating sidewalk condition to a woman in the Borough's office, which was then located on Pelham Avenue.

25. However, nothing was done by the Borough to address the Municipal Sidewalk deterioration.

26. Sometime around 2016, the red cedar tree, whose roots had been lifting a portion of the Municipal Sidewalk, was removed from the municipal grassy parcel, but no other efforts were undertaken to address the sidewalk's condition.

27. In October 2018, during the "Chowderfest Weekend", Plaintiff Margaret Ward observed a young lady who was pushing a baby stroller and had encountered difficulty in maneuvering the stroller over the "buckled" Municipal Sidewalk.

28. As a result of that observation, Plaintiff Michael Ward wrote a letter to Defendant Borough and asked that it consider replacing or repairing the unsafe Municipal Sidewalk. [A true and correct copy of the October 2018 letter to Beach Haven is attached hereto as Exhibit "B"].

29. Plaintiff Michael Ward specifically states in the letter that the Municipal Sidewalk was not their property, and that they were concerned about the well-being of pedestrians. [Exhibit "B"].

30. On October 10, 2018, Plaintiffs received a reply letter from Defendant Borough's Zoning Clerk who stated that "the homeowner is responsible for repairs/replacement of curbs and sidewalks adjacent to their property". [A true and correct copy of the October 10, 2018 letter is attached hereto as Exhibit "C"].

31. Plaintiff Michael Ward telephoned the Clerk and informed her that his residential property was not adjacent to the Municipal Sidewalk and that Beach Haven's Borough Code did not require repairs by adjacent homeowners. [A true and correct copy of the applicable section of the Beach Haven Code in October 2018 is attached hereto as Exhibit "D"].

32. In June 2020, Plaintiff received a letter from Defendant Patrick O'Donnell concerning "the unsafe sidewalk in front of [Plaintiffs'] house" which was "in need of repair." [A true and correct copy of the June letter is attached hereto as Exhibit "E"].

33. In response, on June 22, 2020, Michael Ward wrote to Defendant O'Donnell informing him of Plaintiffs' history regarding requested repairs to the Municipal Sidewalk, and specifically stating that Plaintiffs had been told by a Beach Haven Borough official seventeen (17) years earlier that Beach Haven intended to make repairs to the Municipal Sidewalk. [Exhibit "F"].

34. Plaintiffs further confirmed that the long-neglected Municipal Sidewalk was "<u>not</u>"

located on nor adjacent to Plaintiffs' property, but instead was located approximately twelve (12) feet away from Plaintiffs' property line.

35. Later that week, Plaintiffs received confirmation that Defendant O'Donnell had received the June 22 reply letter sent by certified mail when about two weeks later, Plaintiff Michael Ward followed up with a telephone call to Mr. O'Donnell to discuss the matter.

36. Defendant O'Donnell acknowledged receiving the June 22nd letter and stated that he had referred the matter to the Beach Haven Borough attorney for a response.

37. Between June 2020 and early October 2020, Plaintiffs heard nothing more about the Municipal Sidewalk, and were never contacted by either Defendant O'Donnell, the Borough attorney, or any other Borough official.

38. In October 2020, Plaintiff Michael Ward received a Municipal Court Summons that required him to appear in Beach Haven Municipal Court, because of his alleged failure to repair or replace the long-neglected Beach Haven Municipal Sidewalk along Centre Street. [A true and correct of the Summons is attached hereto as Exhibit "G"].

39. Upon further inquiry, Plaintiff Michael Ward learned that without actual notification to Plaintiffs, Defendant Borough had amended the Beach Haven Code by enacting Ordinance # 2020-17C, effective September 15, 2020, to require "abutting" property owners to reconstruct or repair a deteriorated sidewalk within thirty (30) days after the service of a notice to repair from the Code Enforcement Officer. [A true and copy of Ordinance # 2020-17C is attached hereto as Exhibit "H"].

40. As Plaintiffs had previously informed Defendant O'Donnell and various Beach Haven officials over the course of almost nineteen (19) years, Plaintiffs' residential property is

neither adjacent to, nor does it abut, the long neglected and deteriorated Municipal Sidewalk.

41. Further, Plaintiffs were not willing to undertake the responsibility (nor incur the potential liability) that would result, if they attempted, as private property owners, to make infrastructure repairs to municipal public property.

42. As a result of the Municipal Court Complaint issued by Defendant O'Donnell, and the fact that Plaintiffs' residence was not adjacent to and did not abut the Municipal Sidewalk, Plaintiff Michael Ward retained the Law Offices of Daniel I. Ward, Esquire to represent him and to prepare and file a Motion To Dismiss the Municipal Court Summons. [A true and correct copy of the Motion to Dismiss is attached hereto as Exhibit "I"].

43. Subsequently, Municipal Court Judge Stacy Kerr, JMC denied the motion to dismiss Defendant O'Donnell's Complaint solely on the basis of the evidence in Plaintiff's supporting Motion Certification, and scheduled the matter for trial, requiring Plaintiff Michael Ward and his attorney to appear for the trial in Beach Haven Municipal Court on June 7, 2021. [See attached Exhibit "J].

44. On that day, Plaintiff Michael Ward and attorney Daniel Ward, Esquire, joined by the Beach Haven Municipal Prosecutor, appeared before Municipal Judge Kerr for "a trial based upon stipulated facts".

45. After thoroughly reviewing and considering the evidence presented to the Court, briefly hearing from Plaintiff Michael Ward, and considering the definition of "abut" set forth in Black's Law Dictionary and other sources, Judge Kerr ruled <u>that Plaintiffs' property did not abut, nor was it adjacent to, the Municipal Sidewalk,</u> and therefore she entered a finding of "Not Guilty" and dismissed Defendant O'Donnell's Municipal Court Complaint.

46. Following Judge Kerr's decision, neither the Borough, nor the Beach Haven Municipal Prosecutor, nor Defendants appealed the Municipal Judge's ruling to the New Jersey Superior Court, Law Division, pursuant to R. 3:23.

47. Despite Municipal Court Judge Kerr's dismissal, in early November 2021, Michael Ward received another Municipal Court Complaint that again charged Plaintiff Michael Ward (but not his wife Margaret Ward) with a violation of Municipal Ordinance #: 176-12 <u>for an alleged for failure to make a sidewalk repair</u>. [A true and correct copy of Defendant Mr. O'Donnell's November 1, 2021 Municipal Court Complaint, and cover letter are attached hereto collectively as Exhibit "K"].

48. As a result of Covid-19 concerns, the Municipal Court date on Defendant O'Donnell's November 2021 Complaint was initially adjourned and is now scheduled for May 5, 2022.

49. Upon further investigation, Plaintiffs learned that Defendant Borough had <u>again</u> amended its Sidewalk Ordinance in August 2021, to specifically define the terms "abut" and/or "abutting" with meanings that were contrary to Judge Kerr's June 2021 ruling, and which contradicted the definition in Black Law Dictionary, wherein the word "abut" is defined to mean "touching" one's property. [A true and correct copy of Ordinance #: 2021-26C is attached hereto as Exhibit "L"].

50. The Borough's Ordinance had been amended to be effective August 29, 2021, without any actual notice being sent to Plaintiffs.

51. In enacting Ordinance No.: 2021-26C, Defendant Borough retroactively defined the term "abut" by providing a contrived definition that is contrary to its historic meaning and is

inconsistent with New Jersey law.

52. By enacting Ordinance 2021-26C, Defendant Borough approved an ex post facto Ordinance which improperly targeted Plaintiffs' rights, privileges and immunities, and which violate the ex post facto clauses in Article I § 9, of the United States Constitution and in Article IV (3) of the New Jersey Constitution.

53. The aforesaid enactment by Defendant Borough and Defendant Governing Body was illegal, wrongful, unconstitutional, and improperly intended to adversely affect Plaintiffs' civil rights and property interest.

54. The aforesaid wrongful enactment of Ordinance #: 2021-26C occurred under color of state law and therefore, violates U.S.C. 42 § 1983.

55. As a direct and proximate result of Defendants' unlawful and unconstitutional actions as aforesaid, Plaintiffs have sustained and continue to sustain economic detriment.

**WHEREFORE,** Plaintiffs Michael J. Ward and Margaret Ward demand entry of judgment as follows:

A. Temporarily, preliminarily, and permanently enjoining and restraining the Defendants, and any of them, and any of their attorneys or employees, from proceeding with the Municipal Court prosecution against Plaintiff Michael Ward.

B. Adjudging and declaring that Beach Haven Borough Ordinance #: 2021-26C, both facially and as applied to Plaintiffs, is illegal, improper and contrary to law and therefore, is determined to be an invalid Municipal Ordinance;

C. Ordering and directing that Borough Ordinance # 2021-26C is arbitrary, capricious and illegal, and therefore is set aside and entitled to no further force and effect;

D.  Adjudging and declaring that Defendants Borough and Governing Body have intentionally, maliciously and wrongfully enacted an <u>ex post facto</u> law, and have therefore violated Plaintiffs' rights and privileges under the United States Constitution and the New Jersey Constitution;

E.  Adjudging and declaring that Defendants' enactment of Ordinance 2021-26C constitutes municipal action under color of state law, in violation of U.S.C. 42 § 1983;

F.  Adjudging and declaring that Plaintiffs are entitled to recover reasonable attorney's fees and costs, pursuant to U.S.C. 42 § 1988; and

G.  Awarding Plaintiffs all such other further relief as this Court may deem legal and just, equitable and proper under the circumstances.

## SECOND COUNT

**Enforcement Of Illegal Ordinance That Will Subject Plaintiff To Double Jeopardy In Violation Of The United States And New Jersey Constitution**

56. Plaintiffs incorporate by reference herein Paragraphs 1 through 55 of this Complaint as if they were set forth in their entirety.

57. By enacting Ordinance No. 2021-26C, and by issuing a new Municipal Court Complaint against Michael Ward after Defendant O'Donnell's original Municipal Court Complaint was dismissed upon a finding of "Not Guilty", Defendants are deliberately, intentionally, and maliciously attempting to subject Plaintiff Michael Ward to double jeopardy, in violation of the United States Constitution and the New Jersey Constitution.

58. The collaborative wrongful actions and conduct of all Defendants as aforesaid

constitute action undertaken under color of state law, in violation 42 U.S.C. § 1983.

59.     As a direct and proximate result of the Defendants' wrongful conduct and actions as aforesaid, Plaintiffs have sustained, and continue to sustain, economic loss and detriment.

**WHEREFORE,** Plaintiffs Michael J. Ward and Margaret Ward now demand entry of judgment as follows:

A.  Temporarily, preliminarily, and permanently enjoining and restraining the Defendants, and any of them, and any of their attorneys or employees, from proceeding with the Municipal Court prosecution against Plaintiff Michael Ward.

B.  Adjudging and declaring that Beach Haven Borough Ordinance 2021-26C, both facially and as applied to Plaintiffs, is illegal, improper and contrary to law and therefore, is an invalid Municipal Ordinance;

C.  Adjudging and declaring that Defendants have maliciously attempted to subject Plaintiff Michael Ward to double jeopardy, and therefore have violated Plaintiffs' rights, privileges and immunities under the United States Constitution and the New Jersey Constitution;

D.  Adjudging and declaring that Defendants' enactment and enforcement of Ordinance 2021-26C constitutes municipal action under color of state law in violation of U.S.C. 42 § 1983;

E.  Adjudging and declaring that Plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant to U.S.C. 42 § 1988; and

F.  Awarding Plaintiffs such other further relief as this Court may deem legal and just, equitable and proper under the circumstances.

## THIRD COUNT

**Invalidation Of An <u>Ultra</u> <u>Vires</u> Municipal Ordinance That Is Contrary To Statute Pursuant To U.S.C. 42 § 1983**

60. Plaintiffs incorporate herein the allegations set forth in Paragraphs 1 through 59 of this Complaint as if they were set forth in their entirety.

61. <u>N.J.S.A</u>. 40:65-14 enacted in 1970, provides statutory authority for municipalities to enact Ordinances concerning the imposition of the expense of construction, repair, alteration or maintenance of curbs and sidewalks on <u>abutting</u> landowners.

62. Plaintiffs are not "abutting landowners" as a matter of New Jersey law.

63. Furthermore, Plaintiffs are in no way responsible for the deplorable and neglected condition of the Municipal Sidewalk nor are they responsible for its maintenance and repair.

64. Defendant Borough and Governing Body's enactment of Ordinance No.: 2021-26C violates <u>N.J.S.A.</u> 40:65-14 and is <u>ultra</u> <u>vires</u> and unlawful under <u>N.J.S.A.</u> 40:65-14.

65. The approximately sixty (60) year old buckled and neglected Municipal Sidewalk is municipal property which must be repaired or reconstructed by Defendant Borough, and not by Plaintiffs as residential property owners.

**WHEREFORE,** Plaintiffs Michael J. Ward and Margaret Ward demand entry of judgment as follows:

  A. Temporarily, preliminarily and permanently enjoining and restraining the Defendants, and any of them, and any of their attorneys or employees, from proceeding with the Municipal Court prosecution against Plaintiff Michael Ward.

  B. Adjudging and declaring that Beach Haven Borough Ordinance 2021-26C, both

    facially and as applied to Plaintiffs, is arbitrary, capricious and contrary to N.J.S.A. 40:65-14, and thus, is an ultra vires Municipal Ordinance;

C. Adjudging and declaring that Defendants have maliciously attempted to enact an improper ex post facto law, and have therefore violated Plaintiffs' rights and privileges under the United States Constitution and the New Jersey Constitution;

D. Adjudging and declaring that Defendants' enactment and enforcement of Ordinance 2021-26C constitutes municipal action under color of state law, in violation of U.S.C. 42 § 1983;

E. Adjudging and declaring that Plaintiffs are entitled to recover reasonable attorney's fees with interest and costs, pursuant to U.S.C. 42 § 1988; and

F. Awarding Plaintiffs such other further relief as this Court may deem legal and just, equitable and proper under the circumstances.

## FOURTH COUNT

**Illegal And Unconstitutional Legislation In Violation Of U.S.C. 42 § 1983 Undertaken**

66. Plaintiffs incorporate herein the allegations set forth in Paragraphs 1 through 65 of this Complaint as if they were set forth in their entirety.

67. In Stewart v. 104 Wallace Street Inc., 87 N.J. 146 (1981) and Luchejko v. City of Hoboken, 207 N.J. 191 (2011), the New Jersey Supreme Court held that the duty to maintain abutting municipal sidewalks in New Jersey is "confined to owners of commercial property". See 87 N.J. at 159; 207 N.J. at 203.

68. Plaintiffs' Beach Haven residence is not a commercial property.

69. Plaintiffs have never used their Beach Haven residence for any commercial

purpose whatsoever.

70. The Municipal Sidewalk located along Centre Street does not abut Plaintiffs' residential property.

71. The Municipal Sidewalk located along Centre Street abuts only other Borough of Beach Haven municipal property.

72. Plaintiffs have never caused, nor in any way have they ever been responsible for creating or contributing to the extremely neglected and poor condition of the estimated 60 years old Municipal Sidewalk.

73. Upon information and belief, the present poor condition of the Municipal Sidewalk is attributable solely to long-term neglect by the County of Ocean, by the Borough of Beach Haven, and by agencies acting on behalf of FEMA after "Super Storm Sandy" in 2012.

74. There are no reasonable factual or legal bases to require Plaintiffs to replace the Municipal Sidewalk.

75. Defendants' enactment of Ordinance # 2021-26C and Defendants' enforcement of same against Plaintiff Michael Ward was and remains arbitrary, capricious, unreasonable and contrary established law.

76. Defendants' arbitrary, capricious, and unlawful actions as aforesaid have violated Plaintiffs' civil rights, privileges and immunities, and were undertaken under color of state law, in violation of 42 U.S.C. §1983 et. seq.

**WHEREFORE,** Plaintiffs demand entry of judgment as follows:

A. Temporarily, preliminarily, and permanently enjoining and restraining the Defendants, and any of them, and any of their attorneys or employees, from

        proceeding with the Municipal Court prosecution against Plaintiff Michael Ward.

B.      Adjudging and declaring that Ordinance 2021-26C, both on its face and as applied against Plaintiff, is illegal, unconstitutional and contrary to law;

C.      Adjudging and declaring that Ordinance #2021-26C is unlawful, invalid and entitled to no future force and effect;

D.      Adjudging and declaring that the Defendants' unlawful actions were undertaken under color of state law, and thus violated 42 U.S.C.§ 1983;

E.      Awarding Plaintiffs their reasonable attorney's fees, with interest and all costs of suit pursuant to 42 U.S.C. § 1988; and

F.      Awarding Plaintiffs such other further relief as this Court deems fair and just, reasonable and proper under the circumstances.

                                                  WEIR GREENBLATT PIERCE LLP

Dated: March 28, 2022              By: */s/ Steven E. Angstreich*
                                                  Steven E. Angstreich, Esquire
                                                  Attorney I.D. No.: 3739
                                                  1339 Chestnut Street, Suite 500
                                                  Philadelphia, PA 19107
                                                  215-665-8181
                                                  sangstreich@wgpllp.com

                                                  *Attorneys for Plaintiff*

## VERIFICATION

I, Michael J. Ward, IV, verify under penalty of perjury that the allegations in the foregoing Complaint are true and correct. I make this Verification in accordance with 28 U.S.C. §1746 relating to unsworn declarations under penalty of perjury.

_____
MICHAEL J. WARD, IV