## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. WARD, IV and MARGARET A. WARD, husband and wife, | Civil Action No. 3:22-cv-1725 |
| *Plaintiffs*, | |
| v. | **MEMORANDUM AND ORDER** |
| BOROUGH OF BEACH HAVEN; MAYOR AND BOROUGH COUNCIL OF THE BOROUGH OF BEACH HAVEN; and BEACH HAVEN CODE ENFORCEMENT OFFICER PATRICK O'DONNELL, in his official capacity, | |
| *Defendants*. | |

This case is before the Court on Plaintiffs' Motion for Preliminary Injunction (ECF No. 7). Plaintiffs Michael J. Ward, IV and Margaret A. Ward are seeking to "enjoin[] and restrain[]" Defendants from proceeding with a trial of Mr. Ward in the Borough of Beach Haven Municipal Court. (*Id.*). Mr. Ward is being prosecuted for violating a municipal ordinance requiring homeowners to maintain the sidewalk in front of their property ("the Ordinance").

Previously, Mr. Ward was prosecuted for violating a prior version of the Ordinance, but was found not guilty by a municipal court judge who construed the

language to be inapplicable to Mr. Ward's property. (Complaint at ¶45).

Thereafter, the Ordinance was amended to clarify that an abutting landowner

would be obligated to maintain the sidewalk. (*Id.* at ¶49). The code enforcement

officer, Patrick O'Donnell, served a municipal court summons charging a violation

of the Ordinance on Mr. Ward. (Complaint at ¶47). The return date on the

summons is June 6, 2022. (ECF No. 8 at 12). Mr. Ward alleges that this violates

the double jeopardy and ex post facto clauses of the United States and New Jersey

constitutions. He seeks relief under 42 U.S.C. § 1983 and the double jeopardy

clauses of the United States and New Jersey constitutions.

The Complaint alleges that the Court has jurisdiction under 28 U.S.C § 1331

because the case arises under federal statute. Venue is proper under 28 U.S.C. §

1391(b)(2) because a substantial part of the events in this case took place in the

District of New Jersey.

## I.

Rule 65 of the Federal Rules of Civil Procedure permits a court to issue a

preliminary injunction. "Preliminary injunctive relief is 'an extraordinary remedy'

and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v.*

*Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v.*

*Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994)).

A district court is to consider four factors:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) that the public interest weighs in favor of granting the injunction.

*Ramsay v. Nat'l Bd. of Med. Examiners*, 968 F.3d 251, 256 (3d Cir. 2020) (internal quotation marks omitted). If a plaintiff seeking a preliminary injunction does not demonstrate a likelihood of success on the merits, a court may end its inquiry there. *Hit Doctor Tri State Arsenal LLC v. Barth*, No. 19-14579, 2020 WL 729152, at *8 (D.N.J. Feb. 11, 2020).

## II.

Mrs. Ward has no standing to sue, because she is not being prosecuted and she hasn't alleged any injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Therefore, the Court denies her motion and dismisses her claims.

## III.[1]

Federal courts will abstain from exercising jurisdiction where doing so would interfere with an ongoing state proceeding. *Younger v. Harris*, 401 U.S. 37, 53 (1971). This doctrine is known as "*Younger* abstention." *Smith & Wesson Brands, Inc. v. Att'y Gen. of the State of New Jersey*, 27 F.4th 886, 890 (3d Cir.

---

[1] The Court, on its own motion, requested that the parties submit supplemental briefing addressing *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 11).

2022).  The purpose of this doctrine is "[t]o promote comity between the national and state governments." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019).

"[A]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984) (internal quotation marks omitted).  To that end, "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989).  Initially, the Supreme Court identified three factors for a court to consider:  (1) whether the state proceeding "constitute[s] an ongoing state judicial proceeding"; (2) whether "the proceedings implicate important state interests"; (3) whether "there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982).  However, the Supreme Court has narrowed the breadth of *Younger* abstention, and has clarified that "'*Younger* extends . . . no further' than three 'exceptional circumstances': (1) 'state criminal prosecutions'; (2) 'civil enforcement proceedings'; and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Smith & Wesson Brands*, 27 F.4th at 891 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 82 (2013)).

Quasi-criminal state proceedings, or "state proceedings akin to criminal prosecution in important respects," fall into the three "exceptional circumstances." *Sprint Commc'ns*, 571 U.S. at 79. To start, quasi-criminal proceedings are "judicial in nature." *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 433. "Such enforcement actions are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." *Sprint Commc'ns*, 571 U.S. at 79. Quasi-criminal proceedings are often preceded by an investigation by a "state authority" and are initiated by a "state actor lodg[ing] a complaint." *Id.* at 80.

Prosecutions of a property owner in a New Jersey municipal court for failing to adhere to municipal ordinances are considered quasi-criminal proceedings. *State v. Carlson*, 782 A.2d 950, 954 (N.J. Super. Ct. App. Div. 2001). They are preceded by an investigation by a municipal code enforcement official, *see N.J. Chinese Cmty. Ctr. v. Warren Twp. Constr. Office*, No. A-4778-14, 2016 N.J. Super. Unpub. LEXIS 1721, at *3-4 (N.J. Super. Ct. App. Div. Jul. 22, 2016), and are initiated by a complaint filed by the official followed by a summons, *see* N.J. Ct. R. 7:2-1. Further, the sanctions imposed by a municipal court for violating an ordinance – including fines – are "tantamount to . . . criminal penalt[ies]." *State v. Widmaier*, 724 A.2d 241, 250-52 (N.J. 1999).

In this instance, Mr. Ward is being prosecuted for failing to maintain the sidewalk in front of his property, which violated Beach Haven Ordinance Art. II § 176-12(G). (Complaint at ¶¶47-49); (ECF No. 1-12 at 2-3). He was served with a municipal court summons, which was initiated by O'Donnell, Beach Haven's code enforcement officer. (ECF No. 1-12 at 2-3). If Mr. Ward is convicted of violating the Ordinance, he may be penalized in an amount equal to the cost of the repairs to the sidewalk. Beach Haven Ordinance Art. II § 176-12(H). As such, the proceedings against Mr. Ward in Beach Haven Municipal Court are quasi-criminal proceedings, and the Court should abstain from exercising jurisdiction over this matter. *Sprint Commc'ns*, 571 U.S. at 79. Moreover, contrary to Mr. Ward's assertions, (ECF No. 13 at 8), "there is an adequate opportunity in the state proceedings to raise constitutional challenges," *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432, as Mr. Ward can move in the municipal court to dismiss the charge against him, N.J. Court R. 7:7-1.

A federal court should not apply *Younger* abstention to state proceedings which were brought in bad faith or to harass the federal plaintiff, or if other "extraordinary circumstances" exist, "such as proceedings pursuant to a flagrantly unconstitutional statute" which would cause "irreparable harm." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). The Wards do not allege in the Complaint any facts from which the Court could infer that the Borough's decision to prosecute

them for violating the Ordinance was an act of bad faith. However, in a supplemental brief, the Wards insist that the Borough's enforcement of the amended Ordinance was intended to "punish Plaintiffs for their temerity in challenging the original Ordinance and for being successful in their effort," (ECF No. 13 at 7), but this allegation is not set forth in the Complaint and it is not supported by any facts. An allegation set forth in a brief is not considered an amendment to the complaint. *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Moreover, the Wards' assertions of bad faith stand in stark contrast to what the Supreme Court envisioned in carving out a bad faith exception – instances where the proceedings are used to "harass" and suppress the exercise of constitutionally protected activity such as free speech. *See Younger*, 401 U.S. at 47-48 (citing *Dombrowski v. Pfister*, 380 U.S. 479 (1965)).

## **ORDER**

**THIS MATTER** having come before the Court on Plaintiff's Order to Show Cause (ECF No. 7); and the Court having carefully reviewed and taken into

consideration the submissions of the parties, as well as the arguments and exhibits

therein presented; and for good cause shown; and for all of the foregoing reasons,

IT IS on this ___ day of _____, 2022,

ORDERED dismissing the case of Ms. Ward for lack of standing; and it is

further

ORDERED that the case is dismissed because the Court abstains from

asserting jurisdiction; and it is further

ORDERED that the motion for a preliminary injunction (ECF No. 7) is

denied.



PETER G. SHERIDAN, U.S.D.J.